FRANK S. MOORE, SBN 158029
Law Offices of Frank S. Moore, APC
235 Montgomery Street, Suite 440
San Francisco, California 94104
Telephone:    (415) 292-6091
Facsimile:    (415) 292-6694
fsmoore@pacbell.net

Attorney for Creditors WEN FANG WANG,
FRANK MOORE, MICHELLE MELEN

UNITED STATES BANKRUPTCY COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| XIAOYONG LAI,<br><br>    Debtor.<br>_____<br>WEN FANG WANG, FRANK MOORE, MICHELLE MELEN,<br><br>    Plaintiffs,<br><br>vs.<br><br>XIAOYONG LAI,<br><br>    Defendant.<br>_____<br>XIAOYONG LAI AND UNITED STATES TRUSTEE,<br><br>    Respondents.<br>_____ | No. 23-51382<br><br>Judge Stephen L. Johnson<br><br>Chapter 11<br><br>Adv. Proceeding Case No. 23-05101<br><br>**CREDITORS' MOTION FOR RULE 9011 SANCTIONS AGAINST COUNSEL FOR DEBTOR**<br><br>[Fed. R. Bankr. P. 9011;<br>Local Bankr. R. 9011-1]<br><br>Hearing date:  March 26, 2024<br>Time: 2:00 p.m.<br>Place.: Courtroom 9<br><br>Hon. Stephen L. Johnson |

TO DEBTOR XIAOYONG LAI and UNITED STATES TRUSTEE: PLEASE TAKE NOTICE that creditors WEN FANG WANG ("WANG"), FRANK MOORE ("MOORE") and MICHELLE MELEN ("MELEN") (collectively, "CREDITORS") move to have Rule 9011 sanctions awarded against DEBTOR's counsel in favor of the Court, or CREDITORS, or both, based on the

*In re XIAOYONG LAI*                                                         *Chapter 11* Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*                                        Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RULE 9011 SANCTIONS AGAINST COUNSEL FOR DEBTOR      1

Case: 23-05101  Doc# 11  Filed: 02/15/24  Entered: 02/15/24 15:35:07  Page 1 of 5

discretion of this Court.

This notice is made pursuant to Rule 9013-1, Rule 9011-1 and 9014-1(a) of the Northern District of California Bankruptcy Court's Local Rules. The motion will be brought under Bankruptcy Rule 9011 and will seek sanctions against Debtor's counsel for making factual contentions that do not have evidentiary support and which never will in violation of Rule 9011(b)(3), for making a claim, defense, or other legal contention that is not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law in violation of Rule 9011(b)(2) and for pursuing actions and tactics that are frivolous and being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation in violation of Rule 9011(b)(1).

Debtor LAI filed a Motion to Dismiss CREDITORS' Adversary Complaint filed on December 28, 2023. Dkt. #7. The entirety of the motion involves solely a contention that an out-of-district case, *In re Drake,* 583 B.R. 881 (Bankr. E.D. Va. 2018) is completely dispositive of the gravamen of the Adversary Complaint. Dkt. #7, p. 14:20 of 16 ("The Adversary Complaint should be dismissed pursuant to the *Drake* decision"). That case involved creditors (not a debtor as here) who brought a dispositve motion for summary judgment against the debtor asserting that the award of attorneys' fees granted to the creditors under Nevada's anti-SLAPP statute acted as collateral estoppel under Nevada law to establish the "willful and malicious injury" standard under Section 523(a)(6) of the Bankruptcy Code.[1] This was not a situation, as here, where a debtor was seeking dismissal of an adversary complaint under Rule 12(b)(6). Instead collateral estoppel was being asserted affirmatively by the creditors in *In re Drake* in a summary judgment motion to establish non-dischargeability – that Nevada's anti-SLAPP findings equated with "willful and malicious injury" – making the opinion of little utility to DEBTOR in the context of a Rule 12(b)(6) motion against these particular CREDITORS' Adversary Complaint.

Not only does *In re Drake* not apply and is not authority for purposes of dismissing an adversary complaint, CREDITORS specifically identified the holding in *In re Drake* in their

---

[1] 583 B.R. at pp. 885-889.

*In re XIAOYONG LAI*     Chapter 11 Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*     Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RULE 9011 SANCTIONS AGAINST COUNSEL FOR DEBTOR

Case: 23-05101    Doc# 11    Filed: 02/15/24    Entered: 02/15/24 15:35:07    Page 2 of 5

2

1 Adversary Complaint and stated, affirmatively, that they were not contending their SLAPP judgment was collateral estoppel to be used affirmatively as a *per se* willful and malicious injury under § 523(a)(6)). Dkt. #1, p. 17, ¶60 of 44. Yet, Debtor's counsel misrepresented to the contrary in the Debtor's Motion to Dismiss. Dkt. #7, p. 14:20 of 16 ("The Adversary Complaint should be dismissed pursuant to the *Drake* decision"). Indeed, DEBTOR asserts that "Debtor's obligation for attorney's fees and costs under California's anti-SLAPP statute are not *per se* non-dischargeable as debt for 'willful and malicious injury.'" Dkt. #7, p. 12:22-23 of 16. That is precisely what CREDITORS acknowledged in their Adversary Complaint. Dkt. #1, p. 17, ¶60 of 44.

CREDITORS' Adversary Complaint (Dkt. #1) is 44 pages long, containing 142 paragraphs not counting the Prayer for Relief, 138 paragraphs of which are charging allegations. DEBTOR's motion to dismiss cites not one factual averment from CREDITORS' Adversary Complaint (Dkt. #1) and dismissively contends that "Plaintiffs' allegations are unavailing and insufficient to constitute a claim against Debtor" (Dkt. #7, p. 4:14-15 of 16) without even attempting to address what the factual averments are and conduct no analysis under the relevant authorities governing Rule 16(b)(6) motions set forth *supra,* and acknowledged by DEBTOR in his motion. Dkt. #7, pp. 8:21-9:9, fns. 14-20 of 16.

CREDITORS prepared and served Creditors' Notice of Intent to Seek Rule 9011 Sanctions Against Counsel for Debtor and served it on Debtor's counsel on January 10, 2024. (See Exhibit A to the Declaration of Frank S. Moore filed herewith). The 21-day safe-harbor to recall the Motion to Dismiss has long passed and, when CREDITORS offered DEBTOR to stipulate to allow CREDITORS to file an Amended and Supplemental Adversary Complaint, the offer was rejected because, as Debtor's counsel articulated, they expect CREDITORS' Adversary Complaint to be dismissed without leave to amend based on the offending Motion to Dismiss.

This motion is based on this notice, the notice of hearing, memorandum of points and authorities and declaration of counsel with attached Exhibits A through E.

Dated: February 15, 2024

/s/Frank S. Moore
Frank S. Moore
Attorney for Creditors
WANG, MOORE and MELEN

*In re XIAOYONG LAI*   Chapter 11 Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*   Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RULE 9011 SANCTIONS AGAINST COUNSEL FOR DEBTOR

Case: 23-05101   Doc# 11   Filed: 02/15/24   Entered: 02/15/24 15:35:07   Page 3 of 5

3

*In re XIAOYONG LAI* *Chapter 11* Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI* Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RULE 9011 SANCTIONS AGAINST COUNSEL FOR DEBTOR

Case: 23-05101 Doc# 11 Filed: 02/15/24 Entered: 02/15/24 15:35:07 Page 4 of 5

4

# CERTIFICATE OF SERVICE

This is to certify that on the 15th day of February 2024, I enclosed in envelopes and deposited in the U.S. Mail to the addresses listed below and I electronically transmitted the foregoing CREDITORS' NOTICE OF HEARING ON MOTION FOR RULE 9011 SANCTIONS AGAINST COUNSEL FOR DEBTOR to the following:

| | |
|---|---|
| Arasto Farsad<br>Farsad Law Office, P.C.<br>1625 The Alameda, Suite 525<br>San Jose, CA 95126<br>408-641-9966<br>Email: farsadecf@gmail.com<br><br>Counsel for Debtor XIAOYONG LAI | Paul Gregory Leahy<br>Office of the United States Trustee<br>280 South First Street<br>Room 268<br>San Jose, CA 95113<br>408-535-5535<br>Email: Paul.Leahy@usdoj.gov<br><br>Counsel for Office of the U.S. Trustee |

Dated: February 15, 2024      Law Offices of Frank S. Moore

*/s/Frank S. Moore*
Frank S. Moore
Attorney for Creditors
WANG, MOORE and MELEN

---

*In re XIAOYONG LAI*      *Chapter 11* Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*      Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RULE 9011 SANCTIONS AGAINST COUNSEL FOR DEBTOR